UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDDIE C. MULL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-1207-SRW |
| CORIZON HEALTH, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Eddie C. Mull, a pretrial detainee at the St. Louis City Justice Center ("Justice Center"), for leave to commence this action without pre-payment of the required filing fee. Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $42.66. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Filing Fee Under Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of the motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $213.31. The Court will therefore assess an initial partial filing fee of $42.66, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts

which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff files this civil action pursuant to 42 U.S.C. § 1983 against defendants Corizon Health ("Corizon"), Jane Does 1 through 6, and John Doe 1. He sues all defendants in both their official and individual capacities. Plaintiff states that he has been incarcerated at the St. Louis City Justice Center on a parole hold since May 23, 2020. Prior to this time, plaintiff had served time in the Missouri Department of Corrections ("MODOC"), where he had been diagnosed with high blood pressure and treated with prescription medication.

Plaintiff states that "about the first week of May 2020," he began suffering from dizziness and severe headaches.[1] He requested blood pressure medication from the Justice Center by filling out a health services request. In response to his request, plaintiff states he was called to the medical unit and told by an unknown nurse that she could not dispense blood pressure medication unless it was prescribed by the doctor. Plaintiff states that the unknown nurse asked him fill out a medical release form, and told him that once the Justice Center's medical staff received his records from MODOC he would be placed on blood pressure medication. Plaintiff states he was not placed on blood pressure medication. Plaintiff states that he continued to complain about his severe headaches and dizziness through health service requests.

---

[1] The Court notes that plaintiff alleged he entered the Justice Center on May 23, 2020. Any allegations regarding his medical condition before May 23, 2020 are irrelevant to his claims of deliberate indifference against defendants.

On August 6, 2020 at 6:30 a.m., plaintiff pressed the medical emergency button in his cell, stating he woke up to severe chest pain, a headache, and dizziness. The officer on duty (presumably Jane Doe 1) stated that they were in the middle of a shift change, and that plaintiff would need to wait. At 7:00 a.m., Officer Alexander transported plaintiff to the medical unit. Once in the medical unit, plaintiff states two nurses, Jane Does 3 and 4, said they were too busy and sent plaintiff back to his cell "without letting him see any kind of medical staff."

Officer Alexander transported plaintiff back to the medical unit at approximately 10:30 a.m. Once there, another nurse, Jane Doe 5, checked plaintiff's blood pressure, which was high, and his temperature. She said she would check about getting his medical records released from MODOC and sent plaintiff back to his cell.

Plaintiff states that the next day, August 7, 2020, he was given medication for his blood pressure. He states that he was not told the type of medication, the dosage, or any possible side effects. Plaintiff states that his blood pressure was monitored for a couple days after being placed on this medication. Plaintiff states the medication caused his headaches to increase and he submitted another medical request, which received no response. He states that he has not seen medical regarding his severe headaches which worsened after being placed on blood pressure medication.

For relief, plaintiff seeks $20,000 in actual damages, $20,000 in punitive damages, and nominal damages from defendants.

**Discussion**

At all relevant times, plaintiff was a pretrial detainee, so his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). The Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).

Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006).

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounts to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

    (a)    *Defendant Corizon*

Plaintiff's claim against Corizon must be dismissed for failure to state a claim. "A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Plaintiff has not alleged any policy, custom, or official action on the part of Corizon that inflicted an actionable injury. As a result, the complaint fails to state a claim upon which relief can be granted against defendant Corizon, and the Court will dismiss defendant Corizon on initial review. *See* 28 U.S.C. 1915(e)(2)(B).

(b)   Jane Doe 1

Plaintiff claims that on August 6, 2020 at 6:30 a.m., he placed an emergency medical call stating that he awoke out of his sleep with chest pain, a severe headache, and dizziness. Jane Doe 1, presumably a corrections officer, answered the call and said that they were about to have a shift change and plaintiff should wait for transport. At 7:00 a.m., plaintiff placed an emergency call again and explained his symptoms to Officer Alexander, who called the medical unit and sent plaintiff to be treated.

Plaintiff's claim of deliberate indifference against Jane Doe 1 is that he was denied transport to the medical unit for the half hour between shift changes on August 6, 2020. Because plaintiff's deliberate indifference claim is based on a delay in medical treatment, the court must measure "the objective seriousness of the deprivation . . . by reference to the *effect* of delay in treatment." *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 928 (8th Cir. 2005)) (emphasis in original); *see also Laughlin*, 430 F.3d at 928-29 (affirming summary judgment in favor of defendants where inmate submitted no verifying medical

evidence indicating that the nearly seven-hour delay in treatment of his acute cardiac condition resulted in an adverse effect).

Here, plaintiff has alleged no facts showing that the half-hour delay in treatment had any detrimental effect on his medical treatment or prognosis. For this reason, the Court finds plaintiff cannot state a plausible claim against defendant Jane Doe 1 for deliberate indifference to a serious medical need. The Court will dismiss defendant Jane Doe 1 on initial review. *See* 28 U.S.C. 1915(e)(2)(B).1.

(c) *Jane Doe 2*

Plaintiff has made no factual allegations against Jane Doe 2. Plaintiff lists Jane Doe 2 as a defendant in the caption of the complaint; however, he does not mention Jane Doe 2 in his statement of claim. The Court has no information from which it could hold defendant Jane Doe 2 liable for any alleged constitutional violations, and will therefore dismiss the complaint as to Jane Doe 2.

(d) *Jane Does 3 and 4*

Plaintiff was transported to the medical unit sometime after his 7:00 a.m. emergency call on August 6, 2020. Plaintiff states that once he arrived at the medical unit, however, staff members Jane Does 3 and 4 "said they had too much going on and sent the plaintiff back to his cell without letting him see any kind of medical staff." He did not see medical staff until 10:30 a.m. that day.

Plaintiff does not allege sufficient facts from which the Court could find he has stated a plausible claim of deliberate indifference against defendants Jane Does 3 and 4. Based on the allegations in the complaint, plaintiff presented to the medical unit around 7:00 a.m. on August 6, 2020. At that time, Jane Does 3 and 4 stated they "had too much going on" to treat plaintiff. Plaintiff does not allege any facts from which the Court could find that defendant Jane Does 3 and 4 had a culpable state of mind sufficient to show they were intentionally maltreating him. For

-7-

example, plaintiff does not allege that Does 3 and 4 were idle and physically capable of treating him, but deliberately delayed treatment. Liberally construing the complaint, the most the Court can infer is that defendants were busy treating other inmates and physically incapable of treating plaintiff. The Court has no facts from which it could infer Jane Does 3 and 4 intentionally maltreated plaintiff. The Court cannot to assume facts that are not alleged.

Moreover, like defendant Jane Doe 1, plaintiff makes no allegation that any delay of treatment caused by Jane Does 3 and 4 had any detrimental effect on his condition or prognosis. Plaintiff's complaint states that Officer Alexander transported plaintiff to the medical unit at 10:30 a.m., at which time his received medical care and treatment. The complaint alleges no facts from which the Court could find a plausible claim of deliberate indifference against defendant Jane Does 3 and 4, and therefore the claims against them will be dismissed.

    (e)    *Nurse Jane Doe 5*

Plaintiff arrived for the second time at the medical unit shortly after 10:30 a.m. on August 6, 2020, escorted by Officer Alexander. Nurse Jane Doe 5 treated him. She asked what symptoms he had been experiencing since 6:30 a.m., checked his blood pressure, and checked his temperature. She then stated that she would follow-up on getting his medical records from MODOC, and sent him back to his unit.

Plaintiff has not alleged any act of deliberate indifference to a serious medical need against defendant Jane Doe 5. She treated his symptoms by checking his blood pressure and temperature, and stated she would follow-up on the status of his records request to MODOC. Plaintiff does not suggest defendant Jane Doe 5 was deliberately indifferent to his needs. Rather, it seems defendant Jane Doe 5 treated plaintiff and sent him back to his cell. Plaintiff does not allege any disagreement with Jane Doe 5's treatment, much less any alleged deliberate indifference to his medical needs.

Because the Court does not find plaintiff has stated any plausible claim of deliberate indifference against defendant Jane Doe 5, she will be dismissed from this action.

(f)   Dr. John Doe 1

Plaintiff alleges that an unknown doctor, Dr. John Doe 1, prescribed him blood pressure medication, which plaintiff began taking on August 7, 2020. For the next couple of days, plaintiff's blood pressure was monitored. Plaintiff alleges his headaches became worse. Plaintiff alleges Dr. John Doe 1 should have advised plaintiff of the name of the blood pressure medication prescribed to him and its side effects.

Plaintiff's claims against Dr. John Doe 1 will be dismissed for failure to state a claim of deliberate indifference to a serious medical need. Allegations of mere negligence or carelessness in diagnosing or treating a medical condition are insufficient to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). First, plaintiff does not allege any injury arising out of Dr. Doe's alleged failure to tell plaintiff the name of the medication, dosage, and alleged side effects. Plaintiff does not allege his worsening headaches were a known side effect of his medication. Even if the Court were to assume that plaintiff's worsening headaches were a side effect of the medication, which is not alleged, plaintiff does not allege that Dr. Doe knew of and deliberately disregarded this risk.

Even if the Court were to assume that Dr. Doe knew of the risk of plaintiff developing worsening headaches caused by blood pressure medication, Dr. Doe's failure to inform plaintiff of this side effect is insufficient to state an Eighth Amendment claim for deliberate indifference. The Eighth Circuit has found such a claim not cognizable under § 1983. *Love v. Oglesby*, 2 F. App'x 678, 679-80 (8th Cir. 2001) (per curiam). In *Love v. Oglesby*, an Arkansas state inmate alleged his doctor was liable for Eighth Amendment violations when he failed to warn the inmate of the risk of eye damage from Prolixin, an anti-psychotic drug the doctor had prescribed. The

district court granted judgment on the pleadings to the doctor. Reviewing the dismissal of plaintiff's claims *de novo*, the Eighth Circuit agreed with the district court, concluding "that Dr. Oglesby's alleged failure to warn Love of potential eye damage from Prolixin essentially involved questioning the doctor's professional judgment and thus is not cognizable under section 1983." *Id.*

Other circuits agree with the Eighth Circuit that failure to warn of potential side effects of a medication does not constitute deliberate indifference. *See e.g.*, *Bryant v. Kaskie*, 744 F. App'x 39, 42 (3d Cir. 2018) (per curiam) (agreeing with district court that doctor's failure to inform prisoner of gynecomastia as a potential side effect of risperidone insufficient to demonstrate deliberate indifference); *Jetter v. Beard*, 130 F. App'x 523, 526 (3d Cir. 2005) (per curiam) (finding failure to inform plaintiff of side effects Prednisone "amounts to nothing more than negligence" and insufficient to state Eighth Amendment claim); *McAleese v. Owens*, 770 F. Supp. 255, 259-63 (M.D. Penn. 1991) (granting summary judgment to prison doctor on § 1983 claims that plaintiff was prescribed Isoniazid for tuberculosis-related problems and developed vision problems as a side effect of medication). Therefore, assuming Dr. John Doe 1 knew of the risk of worsening headaches caused by plaintiff's blood pressure medication and failed to inform plaintiff, this is not enough to state an Eighth Amendment claim for deliberate indifference to a serious medical need. For these reasons, the Court will dismiss on initial review plaintiff's Eighth Amendment claims against Dr. John Doe 1.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $42.66 within thirty (30) days of the date of this Memorandum and Order. Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e), plaintiff's complaint is **DISMISSED without prejudice.**

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of February, 2021.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE